1  SEAN P. FLYNN  (SBN:  220184)
   GORDON & REES LLP
2  2211 Michelson Drive
   Suite 400
3  Irvine, CA 92612
   Telephone:  (949) 255-6950
4  Facsimile:  (949) 474-2060

5  Attorneys for Defendant
   RETRIEVAL-MASTERS CREDITORS BUREAU, INC., a.k.a. AMERICAN
6  MEDICAL COLLECTION AGENCY

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  BRUCE RORTY,                          CASE NO.
                                          [Los Angeles County Superior
12              Plaintiff,                Court Case No. BC619514]

13       vs.                             **NOTICE OF REMOVAL**
                                         **UNDER 28 U.S.C. § 1441 (A)**
14  AMERICAN HOME SHIELD                 **(FEDERAL QUESTION)**
    CORPORATION, a Delaware corporation;
15  RETRIEVAL-MASTERS CREDITORS          [Filed concurrently with Notice of
    BUREAU, INC., a.k.a. AMERICAN        Lodgment of State Court
16  MEDICAL COLLECTION AGENCY, a         Pleadings and Civil Case Cover
    New York corporation; HIRED GUN      Sheet]
17  EXTERMINATING, INC., GALKOS
    LICO'S CONSTRUCTION, INC.;           Complaint filed:  May 10, 2016
18  AMERICAN TELEPHONE AND
    TELEGRAPH COMPANY; DOE 1, THE
19  ENTITY CALLING FROM 888-832-4110,
    and DOES 2 to 100,
20
                Defendant.
21

22

23  **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

24       **PLEASE TAKE NOTICE** that defendant Retrieval-Masters Creditors

25  Bureau, Inc., a.k.a. American Medical Collection Agency (hereinafter referred to

26  as "RMCB") respectfully submits this Notice of Removal in this civil action from

27  the Superior Court of the State of California for the County of Los Angeles to the

28  United States District Court for the Central District of California, pursuant to 28

(left margin, rotated) Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

-1-

U.S.C. §§ 1441 and 1446, based on federal question jurisdiction.  Specifically, plaintiff Bruce Rorty asserts a claim for damages against RMCB arising out of alleged violations of the California's Invasion of Privacy Act, Cal.  Penal Code § 630, *et seq.*, the Telephone Consumers Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), and 47 C.F.R. § 1200, *et seq.*  In support of this Notice of Removal, RMCB, through its counsel, states as follows:

## PROCEDURAL BACKGROUND

1.     Plaintiff commenced this action by filing a Complaint in the Superior Court of the State of California for the County of Los Angeles on May 10, 2016, styled *Bruce Rorty v. American Home Shield Corporation, a Delaware corporation; Retrieval-Masters Creditors Bureau, Inc., a.k.a. American Medical Collection Agency, a New York corporation; Hired Gun Exterminating, Inc.; Galkos Lico's Construction, Inc.; American Telephone and Telegraph Company; DOE 1, the Entity Calling From 888-832-4110, and DOES 2 to 100*, Case No. BC619514 (the "State Court Action").  *See* Complaint, attached hereto as Ex. A.

2.     The Complaint alleges violations of the California's Invasion of Privacy Act, Cal.  Penal Code § 630, *et seq.*, the TCPA, and 47 C.F.R. § 1200, *et seq*.  Complaint, ¶¶ 18, 20, 28-37.  The Complaint was served on RMCB on September 19, 2016.

## BASIS FOR REMOVAL – FEDERAL QUESTION JURISDICTION

3.     Under 28 U.S.C. § 1441(a), any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

4.     Further, 28 U.S.C. § 1441(b) provides that any civil action for which the district courts have original jurisdiction founded on a claim or right arising

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1 under the Constitution, treaties or laws of the United States shall be removable

2 without regard to the citizenship or residence of the parties.

3    5.    In *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 753 (2012), the

4 U.S. Supreme Court recognized that "[n]othing in the text, structure, purpose, or

5 legislative history of the TCPA calls for displacement of the federal question

6 jurisdiction U.S. district courts ordinarily have under 28 U.S.C. § 1331." *See also*

7 *Shupe v. JPMorgan Chase Bank of Ariz.*, 2012 U.S. Dist. LEXIS 54285, at *1 (D.

8 Ariz. Apr. 18, 2012), *citing Mims*, 132 S. Ct. 740, 747 (adopting the magistrate's

9 recommendation in denying plaintiff's motion to remand, which recognized that

10 "'Congress did not deprive federal courts of federal-question jurisdiction over

11 private TCPA suits.'").

12    6.    This Court has federal question jurisdiction over this action under the

13 provisions of 28 U.S.C. § 1331, and the matter is removable pursuant to

14 28 U.S.C. § 1441 because the Complaint alleges that RMCB knowingly and

15 willfully failed to properly train and inform its personnel about the existence and

16 use of the do-not-call list; contacted Plaintiff who is on the do-not-call list; failed

17 to maintain its own do-not-call list or add Plaintiff's phone number on a newly

18 created list; and failed to provide Plaintiff with the name of the individual caller,

19 the name of the person or entity on whose behalf the call is being made, and the

20 telephone number or address at which the person or entity may be contacted, in

21 violation of the TCPA and 47 C.F.R. § 1200, *et seq*. *See* Complaint, ¶¶ 28-37.

22    7.    Accordingly, this action is one in which this Court has original

23 jurisdiction under the provisions of 28 U.S.C. § 1331, and is one which may be

24 removed to this Court by RMCB pursuant to 28 U.S.C. § 1441(b).

25    8.    The Complaint also alleges state law claims against RMCB, namely,

26 that RMCB violated the California's Invasion of Privacy Act, Cal. Penal Code §

27 630, *et seq*. *See* Complaint, ¶¶ 18 and 20. These allegations are based on the same

28 set of operative facts that form the basis of Plaintiff's federal TCPA claim, and this

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

Court has supplemental jurisdiction over the state claims asserted in the Complaint pursuant to 28 U.S.C. § 1441(c).

## TIMELINESS OF REMOVAL

9.     As noted above, the Complaint was served on RMCB on September 19, 2016.  RMCB's Notice of Removal is timely because RMCB filed this Notice "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).

## VENUE

10.     Venue is proper in this district and division because the State Court Action was filed and is pending in the Superior Court of the State of California for the County of Los Angeles, which is located within the United States District Court for the Central District of California.

## COMPLIANCE WITH REMOVAL PROCEDURES

11.     RMCB has complied with all of the procedural requirements for removal set forth in 28 U.S.C. § 1446.  As noted above, the Notice of Removal is filed within 30 days of the service of the amended pleading from which it may first be ascertained that the case is one which is or has become removable.

12.     Pursuant to § 1446(d), a copy of this Notice of Removal, including exhibits, is being served on Plaintiff.

13.     Pursuant to § 1446(d), a copy of this Notice of Removal, including exhibits, will be filed with the Superior Court of the State of California for the County of Los Angeles, in Case No. BC619514.

14.     Copies of all process, pleadings and orders served on RMCB are attached hereto.  *See* Notice of Lodgment of State Court Pleadings, filed concurrently herewith.

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

1       WHEREFORE, for the foregoing reasons, RMCB removes this action from

2 the Superior Court of the State of California for the County of Los Angeles to the

3 United States District Court for the Central District of California and respectfully

4 requests that this Court exercise jurisdiction over this action.

5 Dated: October 18, 2016            GORDON & REES LLP

6

7                           By:    *s/Sean P. Flynn*

8                              Sean P. Flynn
                             Attorneys for Defendant Retrieval-

9                              Masters Creditors Bureau, Inc.
                             a.k.a. American Medical

10                              Collection Agency

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees LLP
2211 Michelson Drive Suite 400
Irvine, CA 92612

-5-

# EXHIBIT A

1   ROBERT F. SMITH, sbn 116245
    LAW OFFICES ROBERT F. SMITH
2   16200 Ventura Blvd. # 308
    Encino, California 91436
3   Telephone (818) 231-2331

4   Attorney for plaintiff

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAY 1 0 2016

Sherri R. Carter, executive Officer/Clerk
By: _____, Deputy
Ishayla Chambers

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

CENTRAL  DISTRICT, STANLEY MOSK COURTHOUSE

BRUCE RORTY,                        )
                                    )
            Plaintiff,              )
                                    )
vs.                                 )
                                    )
AMERICAN HOME SHIELD               )
CORPORATION, a Delaware corporation; )
RETRIEVAL – MASTERS CREDITORS      )
BUREAU, INC., a.k.a. AMERICAN       )
MEDICAL COLLECTION AGENCY, a       )
New York corporation; HIRED GUN     )
EXTERMINATING, INC.; GALKOS        )
LICO'S CONSTRUCTION, INC.;          )
AMERICAN TELEPHONE AND             )
TELEGRAPH COMPANY;  DOE 1, THE     )
ENTITY CALLING FROM 888-832-4110   )
and DOES 2 to 100,                  )
                                    )
            Defendants.             )
                                    )
_____)

CASE NO.   BC 6 1 9 5 1 4

(Unlimited Jurisdiction – Amount sought
is $25,000 or more)


COMPLAINT FOR:

1. UNLAWFUL RECORDING OF
   TELEPHONE CALLS,  Penal
   Code §§ 632.7, 637.2
2. UNLAWFUL TELEMARKETING
   47 U.S.C. §227 (c) (5)

COMES NOW, plaintiff Bruce Rorty, ("plaintiff" or "Rorty") and alleges against the defendants, and each of them, the following:

1.      Plaintiff  resided in Palos Verdes Estates, CA 90274 and San Pedro, CA 90732, County of Los Angeles, when the calls at issue were placed, and is and was a residential and personal mobile telephone subscriber. As of approximately late September 2014, the residential landline solely used an AT & T phone with two portable cordless telephone receivers. Before that, plaintiff used a cordless Uniden telephone for the landline, (310) 3X5– 0X7X, which was

-1-
COMPLAINT

1  registered on the National Do Not Call Registry on or about December 20, 2004. The landline

2  number is (310) X4X-X6XX. The cell phone carrier is T – Mobile, 310-X4X-X1XX, and it was

3  registered on the National Do Not Call Registry on August 30, 2006, while the current landline

4  was registered on the National Do Not Call Registry on or about December 11, 2013.

5        2.     Plaintiff is informed and believes and thereon alleges that at all material times

6  alleged, defendant AMERICAN HOME SHIELD CORPORATION, a Delaware corporation, is

7  headquartered in Memphis, Tennessee, sells home warranty plans, and does business in

8  California by virtue of placing telemarketing calls to California residents.

9  3.     Plaintiff is informed and believes and thereon alleges that at all material times alleged,

10  defendant RETRIEVAL – MASTERS CREDITORS BUREAU, INC., a New York corporation,

11  a.k.a. AMERICAN MEDICAL COLLECTION AGENCY, is a collection agency which does

12  business in California by virtue of placing telephone calls to California residents.

13  4.     Plaintiff is informed and believes and thereon alleges that at all material times alleged,

14  defendant HIRED GUN EXTERMINATING, INC. is in the business of pest-control and places

15  telemarketing calls to California residents.

16  5.     Plaintiff is informed and believes and thereon alleges that at all material times alleged,

17  defendant GALKOS CONSTRUCTION, INC. does business in California by virtue of placing

18  telephone calls to California residents.

19  6.     Plaintiff is informed and believes and thereon alleges that at all material times alleged,

20  defendant AMERICAN TELEPHONE AND TELEGRAPH COMPANY was a telephone

21  company selling business and residential telephone lines, and which does business in California

22  by virtue of selling telephone products to consumers, as well as to placing collection calls to

23  customers who reside in California.

24  7.     Plaintiff is informed and believes and thereon alleges that at all material times alleged,

25  defendant DOE 1 is the entity which called plaintiff from 888-832-4110, and which does

26  business in California by virtue of selling home rescue services to California residents via

27  telemarketing.

28  8.     Plaintiff is informed and believes and thereon alleges that at all material times

1   alleged, DOE defendants 1 through 25 are individuals and or entities retained by the defendants

2   who have placed telephone calls to plaintiff in connection with their business operations.

3   Plaintiff is informed and believes and thereon alleges that at all material times alleged, DOE

4   defendants 26 through 50 are individuals and/or entities engaged in lead generation who were

5   retained by the defendants to generate leads on defendants' behalf. Plaintiff is informed and

6   believes and thereon alleges that at all material times alleged, DOE defendants 51 through 100

7   are individuals and or entities selling for-profit remodeling jobs, who have placed telemarketing

8   calls to plaintiff in connection with their business operations.

9   9.      The true names and capacities whether individual, corporate, associate or otherwise of

10  Defendants DOES 1 through 100 are unknown to plaintiff at this time, who therefore sues these

11  defendants by such fictitious names.  Plaintiff will seek leave of court to amend this complaint to

12  show their true names and capacities when they are ascertained.  Plaintiff is informed and

13  believes, and thereon alleges, that each fictitiously named defendant is responsible in some

14  manner for the occurrences alleged, and that plaintiff's injuries and damages as alleged were

15  proximately caused thereby.  Each reference in this complaint to "defendant," "defendants," or a

16  specifically named defendant refers also to all defendants sued under fictitious names.

17  10.     Plaintiff is informed and believes, and thereon alleges, that at all times below mentioned,

18  each defendant may have been the agent, servant, employee, joint venturer, partner, and/or

19  representative of the remaining defendants; and in doing the things hereinafter mentioned, each

20  defendant may have been acting within that course, scope and authority as an agent, servant,

21  employee, joint venturer, partner, and representative, whether such capacity was actual or

22  apparent, with the knowledge and consent of each other defendant, and as authorized and/or

23  ratified by each of the remaining defendants who were working with the particular defendants.

24  11.     Plaintiff is informed and believes and therefore alleges that at all relevant times, each

25  defendant acted pursuant to a common plan and/or aided and abetted certain other defendants in

26  the wrongful acts alleged in this complaint, such that each is jointly and severally liable for all

27  harm caused to plaintiff, including that defendants may well be jointly and severally responsible

28  and liable for the acts and occurrences set out below.

-3-

COMPLAINT

1  12.    Plaintiff is further informed and believes and thereon alleges that the defendants and

2  DOES 1 to 100 were instrumental in making telephone calls to plaintiff, for the purpose of

3  selling their services.

4  13.    Whenever this complaint makes reference to any act of a defendant or defendants, the

5  allegations shall be deemed to mean the act of those defendants named in the particular cause of

6  action, and each of them, acting individually, jointly, or severally.

7

8                              **JURISDICTION AND VENUE**

9  14.    This Court has jurisdiction in this matter pursuant to *Code of Civil Procedure* § 410.10,

10 because defendants, and each of them, engaged in violations of 47 U.S.C. §227 as well as the

11 privacy rights granted to California residents under California's Constitution.

12 15.    Venue is proper in this Court per Code of Civil Procedure §§ 395 and 395.5 in that

13 defendants, and each of them, by placing multiple telephone calls to a resident of the Southwest

14 and South Districts, conducted business within the Southwest and South Districts, specifically in

15 San Pedro, California, defendants' obligations and liability arose in Los Angeles County, and

16 defendants' breaches occurred in Los Angeles County. This courthouse is the proper venue in

17 that as this case is not a personal injury matter, or a collection matter, it is properly venued in the

18 Central District, Stanley Mosk Courthouse.

19

20                              **FIRST CAUSE OF ACTION**

21              **UNLAWFUL RECORDING OF CALLS – Penal Code §§ 632.7, 37.2**

22            **(Against American Home Rescue Corporation, Retrieval-Master Creditors**

23              **Bureau, Inc., American Telegraph and Telephone Co.; and DOES 2 to 10)**

24 16.    Plaintiff realleges all paragraphs set out above alleged and incorporate these allegations

25 by reference as if fully set forth.

26 17.    On May 12, 2015 at just after 8 AM, defendant American Home Shield Corporation

27 telemarketed plaintiff. The caller did not announce at the beginning of the call that the call was

28 being recorded or monitored, and there were no periodic, audible beeps during the call. Part way

-4-
COMPLAINT

1   into the call, plaintiff asked the caller if the call was being recorded, and the response was "yes."

2   The caller was also asked if American home Shield Corporation had a written do not call policy,

3   and the answer was no. In addition, the caller refused to send the policy if it had one, but stated

4   that he or she did not know what plaintiff was asking for.

5   18.      On or about May 14, 2015, plaintiff received a collection call from American Medical

6   Collection Agency, a.k.a. Retrieval – Masters Creditors Bureau, Inc. The caller waited 29

7   seconds into the call to say it was being recorded. Later, plaintiff telephoned American Medical

8   Collection Agency and the caller waited 39 seconds into the call to say it was recorded. On a

9   third call, Robert waited 2:25 to tell plaintiff the call was being recorded.

10   19.      On June 8, 2015, plaintiff received a collection call to his landline from American

11   Telephone And Telegraph Company, and 800-228-2020 showed on caller ID. A Mr. Perez was

12   calling. Partway into the call, plaintiff asked Mr. Perez if he was recording the call, and he said it

13   was possibly being recorded, as AT&T randomly will record calls. Plaintiff was calling in

14   response to the bad service complaints I had he had made on a recent survey. There was no

15   announcement at the beginning of the call that it was being recorded, nor were there periodic

16   audible beeps.

17   20.      Each surreptitiously recorded call violates Penal Code section 632.7, which prohibits

18   surreptitious recording of cellular telephone calls and calls made to or from a wireless handheld

19   receiver. Per Penal Code code section 637.2, each surreptitiously recorded call carries a possible

20   statutory penalty of up to $5000.

21

22                          **SECOND CAUSE OF ACTION**

23              **UNLAWFUL TELEMARKETING CALLS - 47 U.S.C. § 227 (c) (5)**

24       **(Against American Home Shield Corporation, Hired Gun Exterminating, Inc., Galkos**

25         **Construction, Inc., Doe 1, The Entity Calling From 888-832-4110, and Does 2 to 100)**

26   21.      Plaintiff realleges all paragraphs set out above alleged and incorporate these allegations

27   by reference as if fully set forth.

28   22.      In or about 2010, but possibly earlier, plaintiff began receiving calls from defendants and

-5-
COMPLAINT

their lead generators, although plaintiff's telephone numbers had been registered with the FTC's National Do Not Call Registry ("DNC List") for years when the calls began. Defendants were selling home remodeling jobs, and plaintiff does not have and never has had a preexisting business relationship with these defendants. The calls continued despite plaintiff seeking information like telephone numbers and addresses, which is a precursor to asking the callers questions about written Do Not Call policies, DNC lists, etc. The callers often hung up before plaintiff could tell them he is listed on the DNC Registry.

23.    On or about May 12, 2012, plaintiff received a telemarketing call from American Home Shield Corporation. The caller stated that plaintiff had made an online application, which is how American Home Shield obtained his telephone number. Plaintiff stated that was stated that was totally incorrect. Therefore, the initial contact between plaintiff and American Home Shield or an entity calling on its behalf was a telemarketing call.

24.    On or about January 17, 2012, plaintiff received an unsolicited telemarketing call from Hired Got hired gun exterminating, Inc., and then on May 13, 2012, a second telemarketing call was received from Hired Gun Exterminating, Inc.

25.    On or about May 17, 2012, plaintiff received an unsolicited telemarketing call from Galkos Construction, Inc., which was also selling solar panels.

## THIRD CAUSE OF ACTION

## UNLAWFUL TELEMARKETING CALLS - 47 U.S.C. § 227 (b) (3)

### (Against DOE 1, the Entity Calling From 888-832-4110; and Does 2 to 100)

26.    Plaintiff realleges all paragraphs set out above alleged and incorporate these allegations by reference as if fully set forth.

27.    On May 17, 2012, plaintiff received an unsolicited Robo call from  888-832-4110, and the female robot voice was calling on behalf of an alleged nonprofit organization that saves people's homes. Plaintiff pressed one but was unable to get the full identity of the entity placing the Robo call.

-6-

COMPLAINT

## ALLEGATIONS COMMON TO ALL CALLS

28.     Each call carries a $500 statutory penalty per TCPA violation, and because the TCPA was willfully and knowingly violated, the court may treble the damages for each violation to $1,500 per call.  There is a four-year statute of limitations on unlawful telemarketing calls.

29.     Plaintiff is further informed and believes and thereon alleges defendants and their lead sources and call centers are in violation of 47 C.F.R.  § 64.1200(d) (2) in that all defendants were telemarketing personnel not properly trained and informed about the existence and use of the DNC list.

30.     Plaintiff is informed and believes and thereon alleges that the lead sources and call centers and employees, were in violation of 47 C.F.R. § 64.1200(d) (4) in that the telemarketers did not provide plaintiff with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and did not provide a telephone number or address at which the person or entity may be contacted.

31.     Plaintiff is informed and believes and thereon alleges that all defendants are in violation of 47 C.F.R. § 64.1200(c) (2) in that they telemarketed plaintiff, who is a residential telephone subscriber who has registered his telephone numbers on the National Do Not Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

32.     Plaintiff is informed and believes and thereon alleges that all defendants do not maintain their own written do not call policy in compliance with 47 C.F.R. § 64.1200(d ) (1 ) and at times have refused to mail the policy, also a 47 C.F.R. § 64.1200(d ) (1 ) violation.

33.     Plaintiff is informed and believes and thereon alleges that all defendants do not maintain their own do not call list in violation of 47 C.F.R. § 64.1200(d) (3) and at times have not placed plaintiff's phone number on a newly created list.

34.     Plaintiff is informed and believes and thereon alleges defendants and each of them violated 47 U.S.C. § 227 and 47 C.F.R. § 64.1200 by calling plaintiff's cellular telephone since at least 2014.

35.     Plaintiff is informed and believes and thereon alleges that all of the above B mentioned

1 violations of the Telephone Consumers Protection Act [TCPA], 47 U.S.C. § 227, were knowing

2 and willful in that defendants knew they acted, or failed to act, in a manner that violated the

3 statute, and that the defendants consciously and deliberately committed or omitted an act that

4 violated the statute statutes. Therefore, plaintiff will be entitled to an award of treble damages for

5 each discrete TCPA violation committed by defendants, and each of them.

6 36.    As a proximate result of the unlawful activities of these defendants, and each of them, per

7 47 U.S.C. § 227 (c) (5), plaintiff has a private right of action to recover actual damages or $500

8 per violation, whichever is greater. Plaintiff will amend this complaint when the actual number of

9 violations is ascertained.

10 37.    Due to the knowing and willful misconduct by defendants, and each of them, the court is

11 authorized to award plaintiff up to three times the award amount available under subparagraph

12 (B) of 47 U.S.C. § 227(c)(3). Moreover, on at least one occasion, plaintiff telephoned Home

13 Advisor and both requested the written do not call policy, as well as to be placed on an internal

14 do not call list. Plaintiff also asked that Home Advisor communicate with HIRG regarding the

15 same. However, that did not occur inasmuch as the telemarketing calls have not ceased.

16

17    **WHEREFORE,** plaintiff prays for judgment against defendants, and each of them, as

18 follows:

19 **FOR THE FIRST CAUSE OF ACTION:**

20 1.    For statutory penalties of $5000 per call per Penal Code § 637.2;

21 **FOR THE SECOND CAUSE OF ACTION:**

22 2..    For statutory penalties of $500 per call per 47 U.S.C.L § 227 (c) (5) and 47 C.F.R. §

23 64.1200;

24 3.    For treble damages for each violation of 47 U.S.C. § 227 and 47 C.F.R. § 64.1200

25 violation that is determined to be willful or knowing;

26 **FOR THE THIRD CAUSE OF ACTION:**

27 4..    For statutory damages of $500 for each separate violation of 47 U.S.C. § 227 (b) (3) and

28 47 C.F.R. § 64.1200; and

1  5.      For treble damages for each violation of 47 U.S.C. § 227 and 47 C.F.R. § 64.1200

2  violation that is determined to be willful or knowing.

3  **FOR ALL CAUSES OF ACTION**:

4  6.      For costs of suit; and

5  7.      For such other and further relief as the Court may deem just and proper.

6

7  DATED: May 10, 2016                    LAW OFFICES ROBERT F. SMITH

8

9                                        By:_____

10                                       ROBERT F. SMITH, attorney for plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-9-

COMPLAINT

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I the undersigned, certify and declare that I am over the age of 18 years, and am an employee of Gordon & Rees LLP, 2211 Michelson Drive, Suite 400, Irvine, California 92612.

On **October 18, 2016** and pursuant to FRCP 5(b), I served a true and correct of the foregoing **NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441 (A) (FEDERAL QUESTION)** on the parties below by United States Mail addressed as follows to:

| | |
|---|---|
| Robert F. Smith<br>Law Offices of Robert F. Smith<br>16200 Ventura Blvd., Suite 308<br>Encino, CA  91436<br>(818) 231-2331 | *Attorneys for Plaintiff*<br>*Bruce Rorty* |

I declare that I am employed in the office of a member of the California State Bar who is permitted to practice before this Court, at whose direction the service stated above was made, and declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 18, 2016, at Irvine, California.

_____
Leslie M. Handy

**Gordon & Rees LLP**
**2211 Michelson Drive Suite 400**
**Irvine, CA 92612**

1114080/30035543v.1